**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-1929**

─────────────

CONSOL MINING COMPANY, LLC,

       Petitioner,

  v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; LUKE MAIDEN, JR.,

       Respondents.

─────────────

On Petition for Review of an Order of the Benefits Review Board. (23-0458 BLA)

─────────────

Submitted:  April 29, 2026                       Decided:  July 23, 2026

─────────────

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

─────────────

Petition granted in part and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:** William Steele Mattingly, JACKSON KELLY PLLC, Lexington, Kentucky, for Petitioner. James Douglas Holliday, JAMES D. HOLLIDAY, ATTORNEY AT LAW, Hazard, Kentucky, for Respondent Luke Maiden, Jr.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Respondent Luke Maiden worked as an underground coal miner for 19 years. His most recent employer was Petitioner CONSOL Mining Company, LLC in Virginia, where he worked until the mid-1990s. He filed a claim for benefits under the Black Lung Benefits Act. The Department of Labor—through successive levels of review by a district director, an administrative law judge and the Benefits Review Board—awarded benefits. CONSOL petitioned for review. We grant the petition in part and remand for further proceedings.

The Black Lung Benefits Act provides benefits to coal miners totally disabled from pneumoconiosis. 30 U.S.C. § 901(a). There are two types of pneumoconiosis, clinical and legal. 20 C.F.R. § 718.201(a)(1)–(2). This petition concerns only legal pneumoconiosis. Legal pneumoconiosis is "any chronic lung disease or impairment and its sequelae," including "any chronic restrictive or obstructive pulmonary disease," *id.* § 718.201(a)(2), "significantly related to, or substantially aggravated by, dust exposure in coal mine employment," *id.* § 718.201(b) (defining "arising out of coal mine employment" used in § 718.201(a)(2)). It can be latent and progressive. *Id.* § 718.201(c).

A final rule amending the definition of pneumoconiosis, called the preamble, provides guidance on how the Department of Labor interprets what qualifies. *See* Regulations Implementing the Federal Coal Mine Health and Safety Act of 1969, as Amended, 65 Fed. Reg. 79920, 79937–45 (Dec. 20, 2000). For instance, the preamble provides that "coal mine dust exposure can cause obstructive pulmonary disease." *Id.* at 79939. It also says that medical literature documents "coal mine dust exposure's causal effect on the development of chronic bronchitis, emphysema and associated airways

2

obstruction." *Id.* And "[c]linical studies, pathological findings, and scientific evidence regarding the cellular mechanisms of lung injury link, in a substantial way, coal mine dust exposure to pulmonary impairment and chronic obstructive lung disease"—like chronic obstructive pulmonary disease (COPD)—which "includes three disease processes characterized by airway dysfunction: chronic bronchitis, emphysema and asthma." *Id.* According to the preamble, "both restrictive and obstructive lung disease may fall within the definition of pneumoconiosis." *Id.* at 79937.

Before the agency, Maiden was entitled to the 15-year rebuttable presumption that he is totally disabled due to pneumoconiosis. *See* 30 U.S.C. § 921(c)(4). The main dispute was whether CONSOL rebutted that presumption by establishing Maiden has neither clinical nor legal pneumoconiosis. 20 C.F.R. § 718.305(d)(1)(i)(A)–(B). In support, CONSOL offered the opinions of two experts, Dr. Abdul Dahhan and Dr. Roger McSharry. On the issue of legal pneumoconiosis, the ALJ discredited Dahhan's and McSharry's opinions, primarily because it believed they were inconsistent with the preamble. So, the ALJ concluded CONSOL had not met its rebuttal burden.

Before us, CONSOL's primary argument is that the ALJ, and by extension, the Board, erred when discrediting Dahhan's and McSharry's opinions.[*] According to CONSOL, the ALJ improperly said its expert opinions conflicted with the preamble. It also argues the ALJ held it to too high of a rebuttal standard, didn't adequately consider

---

[*] We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *See Clinchfield Coal Co. v. Mullins*, 160 F.4th 580, 587–88 (4th Cir. 2025).

3

Dahhan's and McSharry's opinions and erred in crediting a medical opinion offered by Maiden. And it argues the Board improperly added to the ALJ's reasoning. We only address CONSOL's argument concerning the preamble.

ALJs may discredit an expert's opinion when it is inconsistent with the preamble. *Am. Energy, LLC v. Dir., Off. of Workers' Comp. Programs*, 106 F.4th 319, 331 (4th Cir. 2024). But this principle "only applies if the opinion is, in fact, inconsistent with the preamble." *Id.* at 332.

It's true that some of CONSOL's experts' opinions conflict with the preamble. Both Dahhan and McSharry opined that coal dust exposure can't cause or worsen asthma. These conclusions are contrary to the preamble's recognitions that COPD's disease processes include asthma and that the medical community has linked coal dust exposure and COPD. *See* 65 Fed. Reg. at 79939.

But on others—namely the doctors' reasoning as to why pneumoconiosis isn't present here—the ALJ got it wrong. Dahhan said coal dust exposure wasn't a factor because it produces a fixed impairment that doesn't respond to bronchodilators, doesn't produce variable spirometry results and doesn't require treatment with multiple bronchodilators. And McSharry provided several reasons of his own—coal dust exposure isn't frequently associated with hyperinflation, Maiden lacked radiographical indicia of pneumoconiosis and he exhibited a marked response to bronchodilator administration.

The ALJ rejected both opinions because they were contrary to the same portions of the preamble—its recognition that coal dust exposure may cause COPD and that asthma is one of COPD's disease processes. But "concluding that the record evidence indicates that

4

a miner's lung disease was caused by [non coal dust-induced asthma] rather than coal dust is not inconsistent with the preamble." *See Am. Energy*, 106 F.4th at 332. The preamble doesn't "say that a history of both coal dust exposure and [something else] forecloses a conclusion that [the something else], and not coal dust exposure, caused a miner's lung disease." *See id.*

Similarly, while the preamble indicates restrictive and obstructive lung disease may be pneumoconiosis, 65 Fed. Reg. at 79937, McSharry explained why he didn't believe Maiden's condition was pneumoconiosis. And though pneumoconiosis may be a latent and progressive disease, 20 C.F.R. § 718.201(c), McSharry's opinion that coal dust exposure ending nearly three decades earlier made pneumoconiosis unlikely in light of the other medical evidence also isn't inconsistent with the regulations. He just concluded the record evidence shows in this case that Maiden's condition wasn't legal pneumoconiosis.

Because much of the ALJ's reasoning rests on an improper use of the preamble, we can't say that awarding benefits is a foregone conclusion. *See Am. Energy*, 106 F.4th at 334 (describing harmless error standard in BLBA cases). Accordingly, we grant the petition in part and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*PETITION GRANTED IN PART AND REMANDED*

5